ORIGINAL

EDWARD H. KUBO, JR.          #2499
United States Attorney
District of Hawaii

LARRY L. BUTRICK             #3910
Chief, Criminal Division

MICHAEL K. KAWAHARA          #1460
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd., Box 50183
Honolulu, Hawaii  96850
Telephone:  541-2850

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 0 6 2006

at ___ o'clock and ___ min ___ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 05-052SOM-01 |
| Plaintiff, | ) | MEMORANDUM OF PLEA AGREEMENT |
| VS. | ) | (**JASON BEAUREGARD MITCHELL**) |
| JASON BEAUREGARD MITCHELL, (01) | ) | |
| RICK RICCETTI, (02) | ) | |
| ANTHONY STEVEN LONG, (03) | ) | |
| Defendants. | ) | |

MEMORANDUM OF PLEA AGREEMENT
(JASON BEAUREGARD MITCHELL)

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the UNITED STATES OF AMERICA, by its attorney, the United States Attorney for the District of Hawaii, and the Defendant, JASON BEAUREGARD MITCHELL, (hereinafter "defendant" or "Mitchell"), and his appointed attorney, Alvin K. Nishimura, Esq., of Honolulu, HI, have agreed upon the following:

   1.   Defendant acknowledges that he has been charged in

the Indictment returned February 3, 2005 in the instant case with conspiring with his named co-defendants Rick Riccetti and Anthony Steven Long to distribute and possess with intent to distribute fifty (50) grams or more of methamphetamine, its salts, isomers, or salts of its isomers (said offense occurring during the approximate period November 2004 - December 10, 2004), in violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(A).  Defendant has already received a copy of the Indictment.

    2.   Defendant has read the charged against him contained in the Indictment, and this charge has been fully explained to him by his defense attorney.  In making his decision to plead guilty, defendant has had the full opportunity to consult with his undersigned defense attorney, and he is fully satisfied with the legal representation and advice he has received from his defense attorney.

    3.   Defendant fully understands the nature and elements of the crime with which he has been charged.

    4.   Defendant will enter a voluntary plea of guilty to the charge in the Indictment.

    5.   Defendant agrees that this Memorandum of Plea Agreement shall be filed and become part of the record in these consolidated cases.

    6.   Defendant enters this plea because he is in fact

guilty of conspiring with his named co-defendants to distribute and to possess with intent to distribute fifty (50) grams or more of methamphetamine, its salts, isomers, or salts of its isomers, and he further agrees that this plea is voluntary and not the result of force or threats.

      7.  Defendant understands that the statutory penalties for the offense to which he is pleading guilty are: a term of imprisonment of at least ten (10) years and up to life, a fine of up to $4,000,000, or both, and a term of supervised release of at least five (5) years and up to life in addition to any term of imprisonment adjudged. See 21 U.S.C. 841(b)(1)(A).

      A.  At the discretion of the Court, defendant may also be denied any or all Federal benefits, as that term is defined in 21 USC §862, (a) for up to five years if this is defendant's first conviction of a federal or state offense consisting of the distribution of controlled substances, or (b) for up to ten years if this is defendant's second conviction of a federal or state offense consisting of the distribution of controlled substances.  If this is defendant's third or more conviction of a federal or state offense consisting of the distribution of controlled substances, the defendant is permanently ineligible for all federal benefits, as that term is defined in 21 USC §862(d).

      B.  In addition, the Court must impose a $100

special assessment as to each felony count to which the Defendant is pleading guilty. Defendant agrees to pay $100 for each count to which he is pleading guilty to the District Court's Clerk's Office, to be credited to said special assessments, before the commencement of any portion of sentencing. Defendant acknowledges that failure to make such full advance payment in a form and manner acceptable to the prosecution will allow, though not require, the prosecution to withdraw from this agreement at its option.

      8.    Defendant admits the following facts and agrees that they are not a detailed recitation, but merely an outline of what happened in relation to the charge to which Defendant is pleading guilty:

      (A) On or about November 22, 2004, Mitchell had attempted to ship via FedEx a parcel from Honolulu to California. This parcel contained approximately $22,325.00 in U.S. currency.

      (B) On or about November 27, 2004, Riccetti and Long traveled from San Francisco to Honolulu to meet with Mitchell. Mitchell, Riccetti and Long were going to be engaging in methamphetamine trafficking activities in Hawaii. Among other things, Long would be delivering methamphetamine to Mitchell's buyers.

      (C) A few days prior to December 9, 2004, Mitchell told Riccetti that a parcel addressed to Riccetti was being sent.

Riccetti was to get a hotel room at the Sheraton Princess Kaiulani Hotel (street address of 120 Kaiulani Avenue, Honolulu, HI) to await this parcel. Mitchell knew that this parcel would contain methamphetamine, and he was going to distribute all of this methamphetamine to other persons in Hawaii.

(D) On December 7, 2004, Riccetti checked into room #1660 of the Sheraton Princess Kaiulani Hotel to await the parcel. On December 9, 2004, Riccetti was still occupying this hotel room, at which time he was arrested by Honolulu Police Department officers.

(E) On December 9, 2004, the following U.S. Postal Service parcel was delivered to the Sheraton Princess Kaiulani Hotel:

> One (1) parcel addressed to Rick Riccetti, 120 Kaiulani Avenue, room #1660, Honolulu, HI 95815, with a return address of Jennifer Stevens, Pinole, CA (hereinafter "subject parcel").

The subject parcel contained the methamphetamine identified as DEA Drug Exhibit 1; this methamphetamine is more specifically described in paragraph 10(a)(1) of this Agreement.

(F) On December 10, 2004, Long was telephonically contacted and requested to go to the Sheraton Princess Kaiulani Hotel to find out if the subject parcel had arrived. Long, who was then staying at the Island Colony Hotel and was using Mitchell's automobile (a Cadillac), was about to drive from his hotel to the Sheraton Princess Kaiulani Hotel when he was

arrested.

9. Pursuant to CrimLR32.1(a) of the Local Rules of the United States District Court for the District of Hawaii, the parties agree that the charge to which the Defendant is pleading guilty adequately reflects the seriousness of the actual offense behavior and that accepting this Agreement will not undermine the statutory purposes of sentencing.

10. Pursuant to CrimLR32.1(b) of the Local Rules of the United States District Court for the District of Hawaii and Section 6B1.4 of the Sentencing Guidelines, the parties stipulate to the following for the purpose of the sentencing of Defendant in connection with this matter:

a. <u>Factual stipulations</u>:

(1) <u>Quantity of methamphetamine</u>: The methamphetamine contained in the subject parcel was determined to be as follows:

| DEA Ex.#: | Controlled Substance: | Net Weight: | Pu-rity: | Total Net Wgt: |
|---|---|---|---|---|
| 1 | d-Methamphetamine Hydrochloride | 445.5 gm. | 98% | 436.5 gm. |

The foregoing chemical analysis was conducted by the DEA Southwest Laboratory. D-Methamphetamine Hydrochloride is a methamphetamine salt and a Schedule II controlled substance. This substance in DEA Exhibit 1 is "ice" as that term is defined in Note C to the Drug Quantity Table in Guideline 2D1.1(c).

6

    b. Defendant also agrees that he is an organizer, leader, manager, or supervisor in a criminal activity within the meaning of Guideline 3B1.1(c), for which a two-level increase must be assessed.

    c. <u>Offense level stipulations</u>:

    (1) Given the foregoing, defendant's Base Offense Level is "34". <u>See</u> Guideline 2D1.1(c)(3)[150 - 500 grams of "ice" or methamphetamine (actual)].

    d. The United States Attorney agrees that Defendant's agreement herein to enter into a guilty plea constitutes notice of intent to plead guilty in a timely manner, so as to permit the government to avoid preparing for trial as to Defendant. Accordingly, the United States Attorney anticipates moving in the Government's Sentencing Statement for a one-level reduction in sentencing offense level pursuant to Guideline § 3E1.1(b)(2), if defendant is otherwise eligible. The Defendant understands that notwithstanding its present intentions, and still within the Agreement, the prosecution reserves the rights (1) to argue to the contrary in the event of receipt of new information relating to those issues, and (2) to call and examine witnesses on those issues in the event that either the probation office finds to the contrary of the prosecution's intentions or the Court requests that evidence be presented on those issues.

11. The parties agree that notwithstanding the parties' Agreement herein, the Court is not bound by any stipulation entered into by the parties but may, with the aid of the presentence report, determine the facts relevant to sentencing.

12. The parties are presently unaware of any factual disputes affecting the sentencing of defendant herein.

13. The Defendant is aware that he has the right to appeal the sentence imposed under Title 18, United States Code, Section 3742(a). Defendant knowingly waives the right to appeal, except as indicated in subparagraph "b" below, any sentence within the maximum provided in the statute(s) of conviction or the manner in which that sentence was determined on any of the grounds set forth in Section 3742, or on any ground whatever, in exchange for the concessions made by the prosecution in this plea agreement.

a. The Defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255, except that defendant may make such a challenge (1) as indicated in subparagraph "b" below, or (2) based on a claim of ineffective assistance of counsel.

b. If the Court imposes a sentence greater than

specified the guideline range determined by the Court to be applicable to the Defendant, the Defendant retains the right to appeal the portion of his sentence greater than specified in that guideline range and the manner in which that portion was determined under Section 3742 and to challenge that portion of his sentence in a collateral attack.

        c.    The prosecution retains its right to appeal the sentence and the manner in which it was determined on any of the grounds stated in Title 18, United States Code, Section 3742(b).

     14.    The Defendant understands that the District Court in imposing sentence will consider the provisions of the Sentencing Guidelines.  The Defendant agrees that there is no promise or guarantee of the applicability or nonapplicability of any Guideline or any portion thereof, notwithstanding any representations or predictions from any source.

     15.    The Defendant understands that pursuant to Guideline 6B1.1(c), this Agreement cannot be accepted or rejected by the Court until there has been an opportunity by the Court to consider a presentence report, unless the Court decides that a presentence report is unnecessary pursuant to Guideline 6A1.1. The Defendant understands that the Court will not accept an agreement unless the Court determines that the remaining charges adequately reflect the seriousness of the actual offense behavior

and accepting the agreement will not undermine the statutory purposes of sentencing.

16. Defendant understands that by pleading guilty he surrenders certain rights, including the following:

a. If Defendant persisted in a plea of not guilty to the charge against him he would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by a judge sitting without a jury. The Defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the Defendant, the prosecution and the judge all must agree that the trial be conducted by the judge without a jury.

b. If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random. Defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the Defendant is presumed innocent, and that it could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt.

c. If the trial is held by a judge without a

jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he or she was persuaded of the Defendant's guilt beyond a reasonable doubt.

        d.   At a trial, whether by a jury or a judge, the prosecution would be required to present its witnesses and other evidence against the Defendant.  Defendant would be able to confront those prosecution witnesses and his attorney would be able to cross-examine them.  In turn, Defendant could present witnesses and other evidence on his own behalf.  If the witnesses for the Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

        e.   At a trial, the Defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify.

        f.   At a trial, Defendant would have a right to have the jury determine beyond a reasonable doubt the quantity and weight of the controlled substances charged in the Indictment.

        17.   Defendant understands that by pleading guilty, he is waiving all of the rights set forth in the preceding paragraph.  Defendant's attorney has explained those rights to him, and the consequences of the waiver of those rights.

        18.   Defendant and his attorney acknowledge that no

11

threats, promises, or representations have been made, nor agreement reached, other than those set forth in this Agreement, to induce Defendant to plead guilty.

19. Should the Court refuse to accept this Agreement, it is null and void and neither party shall be bound thereto. The parties understand that the Court's rejection of any stipulation between the parties does not constitute a refusal to accept this Agreement since the Court is expressly not bound by stipulations between the parties.

20. Defendant understands that the prosecution will apprise the Court and the United States Probation Office of the nature, scope and extent of Defendant's conduct regarding the charge against him, related matters, and any matters in aggravation or mitigation relevant to the issues involved in sentencing.

21. The Defendant agrees that he will fully cooperate with the United States.

   a. He agrees to testify truthfully at any and all trials, hearings, or any other proceedings at which the prosecution requests him to testify including, but not limited to, any grand jury proceedings, trial proceedings involving co-defendants and any other person(s) indicted later in this and other investigations, and related civil proceedings. Defendant understands that these judicial proceedings in which he would

have to testify could be in Federal or State Courts in Hawaii, California, and other locations.

        b.  Defendant agrees to be available to speak with law enforcement officials and to representatives of the United States Attorney's Office in Hawaii and California (and other district attorneys/prosecuting attorneys) at any time and to give truthful and complete answers at such meetings, but he understands he may have his counsel present at those conversations, if he so desires.

        c.  Defendant agrees he will not assert any privilege to refuse to testify at any grand jury, trial, or other proceeding, involving or related to the crime charged in this case, or any subsequent charges related to the investigations in said case and in other cases, at which the prosecution requests him to testify.

        d.  Pursuant to § 1B1.8(a) of the Sentencing Guidelines, the prosecution agrees that self-incriminating information provided pursuant to this Agreement to cooperate will not be used in determining the applicable guideline range, except as may be provided in this Agreement and under § 1B1.8(b) of the Sentencing Guidelines.

        e.  Defendant shall not violate any Federal, State or local laws.

    22.  In the event that the Defendant does not breach any

of the terms of this Agreement but the Court nonetheless refuses to accept the Agreement after Defendant has made statements to law enforcement authorities or representatives of the United States Attorney's Office pursuant to this Agreement, the prosecution agrees not to use said statements in its case in chief in the trial of the Defendant in this matter. Defendant understands that this does not bar the use of information and evidence derived from said statements or prohibit the use of the statements by the prosecution in cross-examination or rebuttal.

      23. Pursuant to Guideline Section 5K1.1 and Rule 35(b), Federal Rules of Criminal Procedure, the prosecution may move the Court to depart from the Guidelines on the ground that the Defendant has provided substantial assistance to authorities in the investigation or prosecution of another person who has committed an offense. Pursuant to Title 18, United States Code, Section 3553(e), the prosecution may also move the Court to impose a sentence below the level established by statute as a minimum sentence for the drug charges in Hawaii case #1 and the Nevada case on the ground that Defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense. Defendant understands that:

      a. The decision as to whether to make such a request or motion is entirely up to the prosecution.

      b. This Agreement does not require the

prosecution to make such a request or motion.

   c. This Agreement confers neither any right upon the Defendant to have the prosecution make such a request or motion, nor any remedy to Defendant in the event the prosecution fails to make such a request or motion.

   d. Even in the event that the prosecution makes such a request or motion, the Court may refuse to depart from the Guidelines or to impose a sentence below the minimum level established by statute.

   DATED: Honolulu, Hawaii, __JANUARY 23__, 2006.

AGREED:

EDWARD H. KUBO, JR.  
United States Attorney  
District of Hawaii

JASON BEAUREGARD MITCHELL  
Defendant

LARRY L. BUTRICK  
Chief, Criminal Division

ALVIN K. NISHIMURA  
Attorney for Defendant

MICHAEL K. KAWAHARA  
Assistant U.S. Attorney